## REMLINGER vs. WEYKER.

*Liability of deputy sheriff.*

For a trespass under color of process, a *deputy* sheriff is liable to the party injured.

ERROR to the Circuit Court for *Ozaukee* County.

The action below was by *Remlinger* against *Weyker*, for the value of a horse which the latter, as deputy sheriff, levied upon and sold, under an execution in his hands against *Remlinger*. The plaintiff claimed, and introduced evidence tending to show, that the horse was exempt from execution under the statute. The jury were instructed that "the sheriff, and not the deputy, is liable, where the deputy does a wrong, having a legal instrument in his possession," and that for this reason they must find for the defendant. Verdict and judgment accordingly; and the plaintiff sued out his writ of error.

*Hugh Cunning*, for plaintiff in error.

*Foster & Turner*, for defendant in error.

COLE, J. The court instructed the jury, among other

things, that the sheriff, and not the deputy, was liable where the deputy does a wrong having a legal instrument in his possession. We have not been referred to any authority in support of this proposition, and upon principle it seems to us erroneous. If a deputy sheriff seizes, under an execution, property of a third person, or property exempt by law, we see no reason why he should not be liable for his acts. True, the law makes the sheriff liable in a civil action for any default, misconduct or delinquency in his office, whether the act or default was committed or suffered by the sheriff himself or by any deputy. But it is likewise true, that the aggrieved party may bring his action directly against the deputy, if he chooses. The deputy is certainly liable for his wrongful acts. Where a recovery is had against the sheriff for the default of his deputy, the sheriff ordinarily has his action over against the deputy, unless the latter has acted under his express direction and authority.

In this case, the wrong complained of was committed by the deputy. He is legally bound to answer for it in damages, as the sheriff himself would have been at the election of the party injured. About this, it seems to us, there can be no doubt.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.